## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Dale Michael Lloyd Denney,     )
                                     )
         Petitioner,     )
                                     )
v.                              )         Case No. 05-3012-WEB
                                     )
RAY ROBERTS                )
El Dorado Correction Facility     )
         &                 )
PHIL KLINE                 )
Kansas Attorney General,      )
                                     )
         Respondents.    )

### MEMORANDUM AND ORDER

Petitioner Dale Michael Lloyd Denney seeks modification of his Kansas sentence. (Doc. 1). The Court notes that state prisoners may bring a habeas action under either 28 U.S.C. § 2241 or 28 U.S.C. § 2254. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Challenges to the validity of a conviction or a sentence are properly brought under § 2254, while attacks on the execution of a sentence, such as the duration of a sentence are properly construed as § 2241 actions. *Id.*

Petitioner alleges his Due Process rights were violated because: 1) Kansas failed to convert part of his sentence to be determinate; 2) the Kansas Sentencing Commission has failed to follow a court order to convert part of his sentence to 185 months; 3) Kansas failed to give him credit for time served on his sentence in 87 CR 944; and 4) his two other sentences merit aggregation with the sentence in 87 CR 944.

The Court will construe Petitioner's motion for relief as one pursuant to 28 U.S.C. § 2241 because it attacks the manner in which his state sentence is being executed. *Id.* (analysis under § 2241 appropriate

when petitioner attacks the duration of confinement and seeks the remedy of a shortened period of confinement).

## I.  Procedural History

On January 14, 1988, Petitioner was sentenced to a term of three to ten years imprisonment for a conviction of aggravated burglary and a term of five to twenty years imprisonment for a conviction of rape in case number 87 CR 944.  The sentences were to run concurrently.  On July 10, 1992 Petitioner was paroled.

On July 19, 1993 Petitioner was charged in case number 93 CR 1268 with one count of aggravated criminal sodomy and one count of aggravated sexual battery for events occurring on July 16, 1993.  Additional charges of aggravated battery and aggravated weapons violations were added later.

On July 30, 1992, in case number 93 CR 1343 Petitioner was charged with one count of aggravated weapons violation, one count of aggravated sexual battery and one count of aggravated criminal sodomy for events occurring in October of 1992.

On December 1, 1993, Petitioner was found guilty of all charges in a jury trial in which both 93 CR 1268 and 93 CR 1343 were consolidated.  On March 2, 1994 Petitioner was sentenced.

In case number 93 CR 1343, Petitioner received indeterminate sentences of two to ten years imprisonment for the aggravated weapons conviction, six to twenty years for the aggravated sexual battery conviction, and 30 years to life for the aggravated criminal sodomy conviction.  The former two were to run concurrent while the latter sentence was to run consecutive, resulting in a total sentence of 36 years to life imprisonment.

In case number 93 CR 1268, Petitioner received a determinate sentence of 228 months because the crimes were committed after the enactment of the Sentencing Guidelines. This sentence was to be served consecutively to the sentence in 93 CR 1343. In March of 1994, Petitioner's parole in case number 87 CR 944 was revoked leaving him with the remainder of that sentence to serve as well.

On October 27, 1995 the Kansas Supreme Court (KSC) affirmed Petitioner's convictions on direct appeal. *State v. Denney*, 258 Kan. 437, 905 P.2d 657 (1995). On February 15, 2001 Petitioner filed a motion in which he sought a conversion to a determinate sentence in 87 CR 944. The Kansas Court of Appeals (KCA) found that under Kan. Stat. Ann. § 22-3717(f) (1993), Petitioner should have his sentence in 87 CR 944 converted to a determinate sentence. *State v. Denney*, No. 87,755, (Kan. Ct. App. June 21, 2002) (unpublished opinion). On October 21, 2002, the trial court issued a journal entry showing that the Kansas Department of Corrections (KDOC) had converted the sentence in 87 CR 944 to 36 months and it was satisfied.

Petitioner appealed claiming he was entitled to a conversion in 93 CR 1343 to a determinate sentence as well as to credit for jail time spent in 87 CR 944. On December 17, 2004 the KSC held that Petitioner's indeterminate sentence in 93 CR 1343 was not eligible for conversion to a determinate sentence and he was not entitled to any jail time credit against his current sentences as a result of the conversion and satisfaction of his sentence in 87 CR 944. *State v. Denney,* 278 Kan. 643, 101 P.3d 1257 (2004); *see also State v. Denney*, No. 90,457 91 P.3d 552 (Table) 2004 WL 1373160 (Kan. Ct. App. June 18, 2004).

On September 29, 2003 Petitioner filed another appeal, claiming he was entitled to jail time credit pursuant to Kan. Stat. Ann. § 21-4608(f)(4). The KCA denied this claim and the KSC denied review.

*Denney v. Bruce,* No. 90,936 85 P.3d 1270 (Table) 2004 WL 556906 (Kan. Ct. App. March 19, 2004) (unpublished) review denied May 25, 2004.

## II.  Standard of Review.

Petitioner alleges a Fourteenth Amendment Due Process violation.  § 2241(c)(3).  The Due Process Clause of the Fourteenth Amendment prohibits state courts from depriving persons of liberty or property as punishment for criminal conduct except to the extent authorized by state law.  *Whalen v. United States*, 445 U.S. 684, 689 n.2 (1980); U.S. Const. amend. XIV.  "A state inmate's due process rights are implicated only when a state's actions impinge on a protected liberty interest."  *Stephens v. Thomas*, 19 F.3d 498, 501 (10th Cir. 1994).  "Such a liberty interest may be derived from one of two sources: The interest may be of such a fundamental nature that it inheres in the Constitution itself, see *Hewitt v. Helms*, 459 U.S. 460 (1983) or it may be created by state law."  *Meachum v. Fano*, 427 U.S. 215, 223-227 (1976)."  *Prevard v. Fauver*, 47 F. Supp. 2d 539, 545 (D.N.J. 1999).

"Although we analyze [Petitioner's] claim under § 2241, we still accord deference to the [state] determination of the federal constitutional issue."  *Henderson v. Scott*, 260 F.3d 1213, 1215 (10th Cir. 2001).  Moreover, the Court does not stand to correct errors of state law and is bound by a state court's interpretation of its own law.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2241(c)(3).

## III.  Due Process and state court mandates.

Petitioner argues the KCA's opinion in *State v. Denney*, No. 87,755 mandated a conversion of his sentence in 93 CR 1343 to a determinate sentence.  Petitioner claims that the failure to implement the

KCA's mandate has violated his due process rights.

Petitioner's argument is unpersuasive. The KSC's unambiguous holding states that pursuant to Kan. Stat. Ann. § 22-3717(f) (1993). Petitioner is not entitled to have his sentence in 93 CR 1343 converted to a determinate sentence. *Denney,* 101 P.3d at 1261. This holding is entirely consistent with the plain language of the statute, which states:

> If an inmate is sentenced to prison for a crime committed after July 1, 1993, while on parole or conditional release for a crime committed prior to July 1, 1993, the old sentence shall be converted into a determinate sentence and will run consecutive to the new sentence as follows:
> (1) Twelve months for class C, D or E felonies or the conditional release date whichever is shorter;
> (2) 36 months for class A or B felonies or the conditional release date whichever is shorter.

Kan. Stat. Ann. § 22-3717(f) (1993).

While Plaintiff committed the crimes in 93 CR 1343 prior to July 1, 1993 he was not on parole or conditional release for those crimes when he committed the crimes in 93 CR 1268. Consequently, Petitioner's indeterminate sentence in 96 CR 1343 cannot be converted using the above statute, as it clearly does not apply.

Finally, even if there were an error, Petitioner has failed to show a constitutional violation. See *Langford v. Day,* 110 F.3d 1380, 1389 (9th Cir. 1997) (a state law issue cannot be transformed into a federal issue merely by alleging due process violations). The KSC's decision interpreted a state statute governing the modification of indeterminate sentences in light of new state sentencing guidelines. Consequently, the Court can offer Petitioner no relief as "it is not the province of a federal habeas court to reexamine state-court determination on state-law questions." *Estelle,* 502 U.S. at 67-68.

IV.  Trial Court's December 1, 2000 order.

Petitioner next argues that the Kansas Sentencing Commission has violated a court order by refusing to convert his sentence in 93 CR 1343 to 185 months.[1] This claim fails for several reasons. First, Petitioner has not identified any constitutional violation. Allegations that the Kansas Sentencing Commission has erroneously interpreted state court orders about the length of Petitioner's sentence involve state law issues. Federal habeas corpus relief is available to remedy violations of the Constitution or laws of the United States; consequently, the Court is unable to offer any federal habeas corpus relief on this ground. 28 U.S.C. § 2241(c)(3); *Overturf v. Massie*, 385 F.3d 1276, 1279 (10th Cir. 2004). However, out of an abundance of caution the Court will continue to address Petitioner's claim.

"Generally, it is a prerequisite to habeas relief that a petitioner exhaust his remedies in state court." *Clayton v. Gibson*, 199 F.3d 1162, 1170 (10th Cir. 1999). The record does not show that Petitioner has exhausted this issue in state courts. "The exhaustion requirement is not jurisdictional, however, and may be waived by the state or avoided by the petitioner if an attempt to exhaust would be futile." *Id*. In its brief, the state did not address this claim; hence, the exhaustion requirement is deemed waived for this issue.

The Court also notes, "it is appropriate for a federal [] court to address the merits of unexhausted [] federal habeas corpus claims if they fail, as here, to raise even a colorable federal claim, and if the interests of justice would be better served by addressing the merits of the habeas petition." *Miranda v. Cooper*, 967 F.2d 392, 400 (10th Cir. 1992); see also 28 U.S.C. § 2254(b)(2). Because the state has waived the exhaustion issue and Petitioner's claim is meritless the Court will address it.

Petitioner claims he is entitled to a sentence of 185 months based on a December 1, 2000 order

---

[1] While Petitioner's claim addresses actions by the Sentencing Commission, presumably, he intended to address actions by the Kansas Department of Corrections.

nunc pro tunc from the state trial court.  A review of the record shows the order nunc pro tunc is not the sentence actually imposed in 93 CR 1343; rather, it was the sentence computed under the guidelines according to statute.  Section 21-4724(f) states:

> In the case of any person to whom the provisions of this section shall apply, who committed a crime prior to July 1, 1993, but was sentenced after July 1, 1993, *the sentencing court shall* **impose** *a sentence as provided pursuant to law as the law existed prior to July 1, 1993*, *and shall* **compute** *the appropriate sentence had the person been sentenced pursuant to the Kansas sentencing guidelines.*

§ 21-4724(f) (emphasis added).

In this case, the trial court computed the guidelines sentence at the hearing but failed to note it in the journal entry; however, it remedied this oversight by issuing the order nunc pro tunc cited by Petitioner. *Denney v. State*, No 82,220, slip op. at 5 (Kan. Ct. App. May 19, 2000); (R.-Vol. 10 at 45).  Contrary to Petitioner's assertions however, this order is not a basis for relief.

Unless the KDOC converts the sentence into a guidelines sentence, the sentence actually imposed is that which was provided by law as it existed prior to July 1, 1993.  *State v. Fierro,* 257 Kan. 639, 651, 895 P.2d 186, 193 (1995); *see State v. Corber,* 21 Kan. App. 2d 325, 329, 900 P.2d 241, 244 (Kan. Ct. App. 1995) (trial court required to compute a guidelines sentence under 21-4724(f), but it has no authority to impose that sentence).  Petitioner provides no evidence showing the KDOC converted the sentence in 93 CR 1343 from 36 years to life to a guidelines sentence of 185 months; conversely, the record shows that KDOC expressly decided not to convert Petitioner's sentence.  In a letter dated September 16, 2002 to the trial court, the KDOC stated that the severity level for the crimes in CR 93 1343 rendered the sentence ineligible for conversion to the sentence computed by the court in the order nunc pro tunc. Kan. Stat. Ann. § 21-4724(b); (R. 93 CR 1268, Vol. 3).  Consequently, Petitioner's claim

that the Sentencing Commission or KDOC is ignoring a court order to impose a 185 month sentence in 93 CR 1343 is spurious.

Moreover, the KDOC's letter showing his sentence in 93 CR 1343 to be ineligible for a conversion is consistent with the statute.  Section 21-4724(b) allows for the conversion to a sentence under the guidelines if the crime would be classified in a presumptive probation grid block or in the border blocks of 5-H, 5-I, or 6-G.  Petitioner's crimes placed him in the presumptive imprisonment grid block; consequently, he was ineligible for conversion to a determinate sentence under this section.  Kan. Stat. Ann. § 21-3506(c) (1993) (aggravated criminal sodomy is a severity level 2, person felony); Kan. Stat. Ann. § 21-4704 (1993) (severity level two is presumptive prison under sentencing guidelines grid for non drug offenses). Consequently, Petitioner's claim that he is entitled to 185 months for 93 CR 1343 is without merit and his motion for relief is denied on this ground.

## V.  Jail time credit.

Petitioner was sentenced to a term of five to twenty years for his crimes in 87 CR 944.  While on parole, he was arrested for crimes in case 93 CR 1268; consequently, his parole was revoked and his sentence was converted to a determinate sentence of 36 months in accordance with § 22-3717(f). Because he had already served more than 36 months for 87 CR 944, his sentence was considered satisfied. *Denney*, 101 P.3d at 1261.

Petitioner contends it is a due process violation not to apply the additional jail time he served for 87 CR 944 towards his other sentences.  The KSC disagreed, finding that Petitioner had satisfied his 36 month determinate sentence and he was not entitled to apply additional time served for 87 CR 944 towards

the sentences in 93 CR 1268 and 93 CR 1343. *Denney,* 101 P.3d at 1261-1262.   Indeed, the KSC has

consistently held that Kansas statutes do not entitle a defendant to apply jail time already served in one

sentence towards sentences in other unrelated charges. Kan. Stat. Ann. § 21-4614 (deduction of time

spent in confinement); *Campbell v. State,* 223 Kan. 528, 575, P.2d 524 (1978); *State v. Calderon*, 233

Kan. 87, 98 (1983).

These state decisions do not conflict with the provisions of the due process clause. "[G]iven a valid

conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State

may confine him and subject him to the rules of its prison system so long as the conditions of confinement

do not otherwise violate the Constitution." *Meachum*, 427 U.S. at 224.  Petitioner cannot point to any

statute or court case which grants him a liberty or property interest in this jail time credit.  As stated above,

Kansas courts have uniformly denied prisoners such an entitlement. *See Logan v. Zimmerman Brush Co.*,

455 U.S. 422, 430 (1982) (the hallmark of a property interest is an individual entitlement grounded in state

law).

Other courts have also found that due process is not violated when jail time served in one sentence

is not applied to other consecutive sentences.  *See Bagley v. Rogerson*, 5 F.3d 325, 330 (8th Cir. 1993)

(no due process violation for prisoner whose time served for a vacated state sentence was not credited

towards an unrelated federal sentence); *see Oses v. United States*, 833 F. Supp. 49, 52 (D. Mass

1993)(a federal prisoner is not entitled to receive credit against a federal sentence for time served on an

unrelated nonconcurrent state sentence); *see Pinaud v. James*, 851 F.2d 27 (2d Cir. 1988) (no jail time

credit for state sentence that was voided).  Because Petitioner has failed to show the existence of a

constitutional issue, habeas relief cannot be granted.

-9-

<u>VI.  Aggregated sentence.</u>

Petitioner again argues he should receive credit for time served in 87 CR 944 because he is entitled to aggregate his sentence according to Kan. Stat. Ann. § 21-4608(f)(4).  The KCA and KSC denied this claim on state collateral review. *Denney v. Bruce,* No. 90,936 85 P.3d 1270 (Table) 2004 WL 556906 (Kan. Ct. App. March 19, 2004) (unpublished) review denied May 25, 2004.  The KCA stated that upon conversion of 87 CR 944 to a determinate sentence of 36 months, "that sentence was satisfied and was not amenable to aggregation with Denney's remaining sentences to produce any prior penal credit." *Id.* at 1.

The Court can offer Petitioner no relief because this is an issue involving purely matters of state law. The highest court of Kansas disagreed with Petitioner's interpretation of section 21-4608(f)(4) and computation of sentence aggregation.  Petitioner fails to identify how that decision violates his constitutional rights.  Interpretation of state statutes governing the aggregation of sentences is a matter of state law; consequently, federal habeas corpus relief under section 2241 is unavailable.  § 2241(c)(3); *State v. Fowler*, 238 Kan. 326, 336, 710, P.2d 1268 (1985) (right to jail time credit is statutory); *Overturf*, 385 F.3d at 1279 (sentencing errors in violation of state law cannot be remedied through federal habeas corpus motions); *Estelle,* 502 U.S. at 67-68 (it is not the province of a federal habeas court to reexamine state-court determination on state-law questions).

Petitioner's motion for relief under 28 U.S.C. § 2241 (Doc. 1) and Certificate of Appealability under 28 U.S.C. § 2253 are hereby DENIED.  The Clerk is directed to enter judgment for Respondents.


SO ORDERED this 23rd  day of June, 2006.


                                             s/ Wesley E. Brown
                                            Wesley E. Brown, Senior U.S. District Judge