# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DALE M. DENNEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 05-3012-WEB |
| | ) |
| RAY ROBERTS | ) |
| El Dorado Correction Facility | ) |
| & | ) |
| PHIL KLINE | ) |
| Kansas Attorney General, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

Now before the Court is Petitioner's motion for reconsideration. (Doc. 31). Petitioner brought a habeas corpus petition under 28 U.S.C. § 2241 and the Court denied relief on June 23, 2006. (Docs. 1, 28).

"[R]egardless of how it is styled or construed..., a motion filed within ten days of the entry of judgment that questions the correctness of the judgment is properly treated as a Rule 59(e) motion." *Phelps v. Hamilton*, 122 F.3d 1309, 1323 (10th Cir. 1997) (citations omitted). Petitioner's motion for reconsideration was filed within 10 days after judgment and it disputes the Court's denial of Petitioner's habeas corpus petition; therefore, the Court will treat it as a motion to alter or amend judgment under Rule 59(e). Fed. R. Civ. P. 59(e).

A motion under Rule 59 (e) "should be granted only to address an intervening change in the controlling law, new evidence previously unavailable, or to correct clear error or manifest injustice."

*Servants of the Paraclete v. Doe*, 204 F.3d 1005, 1012 (10th Cir. 2000). It "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* "A litigant, however, should not use such a motion to rehash previously rejected arguments or to offer new legal theories or facts." *Demster v. City of Lenexa*, 359 F. Supp. 2d 1182, 1184 (D. Kan. 2005).

A.  Jail time credit and aggregation.

Petitioner argues under *Payton v. State*, 22 Kan. App. 2d 843, 923 P.2d 1059 (1996), he has a due process right to have jail time credit for his sentence in 87 CR 944 applied to or aggregated with his other sentences. The Court will address this argument as Petitioner briefly cited *Payton* in his original brief.[1]

A brief background discussion of *Payton* is warranted. Payton was convicted for a crime and given an indeterminate sentence of 5 to 20 years. He was paroled, Kansas enacted the Kansas Sentencing Guidelines (KSGA) and he committed another crime. The sentence for which he was paroled was converted into a determinate sentence under Kan. Stat. Ann. 22-3717(f).

> Payton argued...that he should receive 3 years' jail time credit against the converted 12-month sentence, which effectively meant his sentence had been fully served. The trial court, however, held that only the unused portion of the sentence had been converted, and Payton still owed the 12 months. The Court of Appeals reversed, stating that inmates whose sentences are converted are not required to serve the KSGA sentence in addition to the time already served, but are released if the jail time credit already exceeds the inmate's KSGA converted sentence.

*State v. Denney*, 101 P.3d 1257, 1261, 278 Kan. 643 (2004) (internal quotations omitted).

---

[1] Petitioner for the first time makes an equal protection argument; however, this was not presented to the Court in the first habeas memorandum. Consequently, the Court declines to address this argument.

Petitioner's claim is without merit. First, Petitioner erroneously interprets *Payton*'s holding as allowing jail time credit in his 87 CR 944 sentence to be aggregated or otherwise applied to other unrelated convictions. This is not consistent with *Payton*, as the opinion states that jail time credit earned in Payton's converted sentence did not affect the sentence for his other conviction. *Payton,* 923 P.2d at 1064. Second, the statute interpreted by *Payton*, and cited by Petitioner, mentions nothing about the aggregation of sentences. Kan. Stat. Ann. 22-3717(f) (1993). This statute merely mandates conversion of a parole violator's indeterminate sentence. *Id.* at 1063. Third, the KSC rejected the claim that *Payton* allowed for his time in 87 CR 944 to be applied to his other sentences. *Denney*, 101 P.3d at 1261.

Petitioner has failed to show the existence of a constitutional right to have jail time credit for one sentence to apply to or aggregate with other unrelated convictions. Since there is no due process right involved, this issue is one of state law and the Court can offer Petitioner no relief as habeas review is unavailable "to correct errors or state law" or change a state court's interpretation of its own law. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991); see also 28 U.S.C. § 2241(c)(3). Consequently, the Court declines to amend the judgment on this ground.

B.  Kansas Court of Appeals (KCA) opinion No. 87,755.

Petitioner argues that a KCA opinion gave him a right to a determinate sentence in 93 CR 1343. *State v. Denney,* No. 87,755, (Kan. Ct. App. June 21, 2002).[2] Petitioner claims the trial court, KCA,

---

[2] Petitioner also argues that the December 1, 2000 district court order shows he is entitled to conversion in his sentence in 93 CR 1343; however, this is merely a rehash of his previous argument and the Court will not address it further.

and Kansas Supreme Court (KSC) violated due process and the law of the case doctrine by failing to convert his sentence in 93 CR 1343 as per the KCA's opinion. Petitioner exhausted this issue in state court and the KSC held he was not entitled to have his sentence in 93 CR 1343 converted to be determinate. (Appellant Br. No. 03-90454 at 7); *Denney,* 101 P.3d at 1261. This argument was made in the initial habeas claim; however, it was not directly addressed. The Court will do so now.

First, the Court can provide no relief because there is no constitutional error. § 2241(c)(3). There is no due process right that state supreme courts follow the mandates of inferior state courts or that state courts obey the law of the case doctrine. The KSC has unambiguously stated,

> *[t]he doctrine of the law of the case is not an inexorable command, or a constitutional requirement, but is, rather, a discretionary policy* which expresses the practice of the courts generally to refuse to reopen a matter already decided, without limiting their power to do so....The law of the case is applied to avoid indefinite relitigation of the same issue...and to assure the obedience of lower courts to the decisions of appellate courts.

*State v. Collier,* 263 Kan. 629, 631, 952 P.2d 1326, 1328-1329 (1998) (emphasis added).

Consequently, the Court can offer him no relief as Petitioner fails to identify a constitutional error.[3] In spite of the non-constitutional nature of the alleged error, the Court will continue to address this issue as it is without merit.

Petitioner argues that the use of the plural word 'sentences' shows the KCA intended its order to convert the sentences in both 93 CR 1343 and 87 CR 944 to be determinate. *Denney,* No. 87,755 at 2 ("Denney was entitled to have his prior sentences converted").

---

[3] Petitioner makes a new equal protection argument; however, this novel theory of relief is unavailable on a motion under Rule 59(e). *See Servants*, 204 F.3d at 1012 (a rule 59(e) motion is not to be used to advance arguments that could have been raised in prior briefings).

This argument is without merit. First, the use of plural nouns is hardly conclusive, as the opinion also uses singular nouns. *Denney*, No. 87,755 at 1 ("[Petitioner] argues his indeterminate sentence should have been converted to a guidelines sentence"). Second, even if the language is ambiguous, the issue on appeal is not. The record clearly shows that Petitioner only argued for the conversion of his sentence in 87 CR 944. Petitioner filed a motion to correct an illegal sentence exclusively for case 87 CR 944 on February 15, 2001 in the state district court. (R. 87 CR 944 at 0052). He alleged that his sentence in 87 CR 944 met the requirements for conversion under 22-3717(f) to be a determinate sentence. (Id. at 0053). The district court denied Petitioner's motion on April 10, 2001 in an opinion which addressed only the conversion of case 87 CR 944. (Id. at 0076-0077). On April 16, 2001, Petitioner filed a motion to reconsider for case 87 CR 944. (Id. at 0079). The district court issued an opinion for case 87 CR 944 denying Petitioner's motion to reconsider on June 26, 2001. (Id. at 0086). Petitioner subsequently filed a notice of appeal for case 87 CR 944 on June 27, 2001. (Id. at 0088). The KCA decided Petitioner's appeal in opinion No. 87,755. (Id. at 0098).

The only issue Petitioner presented on appeal to the trial court and the KCA was the sentence in 87 CR 944; as a corollary, the KCA's opinion No. 87,755 pertains only to 87 CR 944. Consequently, Petitioner's creative interpretation of the KCA's opinion does not entitle him to conversion of his sentence in 93 CR 1343 to be determinate.

Petitioner's motion to amend the judgment under Rule 59(e) (Doc. 31) is hereby DENIED.

SO ORDERED this 18th day of July, 2006.

                                              s/ Wesley E. Brown
                                              Wesley E. Brown, Senior U.S. District Judge